# Lancaster, Judge &c. *v.* Gafford.

*Petition for Prohibition.*

1.  *Constitutional law; when notice of local act not sufficient; county court of Elmore.*—A published notice that there would be introduced in the Legislature a bill "for the repeal of the act creating the Elmore county court," is not sufficient notice, as required by the Constitution, (Const. 1901, § 106), for the

[Lancaster, Judge, &c. v. Gafford.]

introduction of a bill in the Legislature entitled "An act to repeal an act entitled an act to regulate the trial of misdemeanors in the county of Elmore, approved December 14, 1898"; the said act of December 14, 1898, in no way creating the county court of Elmore county, but having reference wholly to the trial of misdemeanors in said county.

APPEAL from the Circuit Court of Elmore.

Heard before the Hon. JOHN G. WINTER.

The appellee, Matt Gafford, filed a petition addressed to the Judge of the Fifteenth Judicial Circuit, in which he averred the following facts: He was confined as a prisoner in the county jail, charged with the offense of refusing to work upon a public road after due notice. On November 16, 1903, at the regular November term of the county court of Elmore, upon the petitioner being arraigned upon said charge, he demanded a trial by jury in said court. Hon. H. J. Lancaster, judge of the county court, presiding at said court, refused to grant the request of the petitioner and set the cause for hearing on December 15, 1903. This act was without authority of law, for under the act to regulate the trial of misdemeanors in the county of Elmore, the petitioner was entitled to a trial by jury.

There was an act approved October 10, 1903, entitled "An act to repeal an act entitled an act to regulate the trial of misdemeanors in the county court of Elmore." This act was local and the notice and proof as required by section 106 of the constitution of 1901 was not given and made, and the journals of the house in which said bill was introduced, does not affirmatively show that the notice as required by the constitution had been given before the introduction of said act. Hon. H. J. Lancaster considered said act as valid and was proceeding in accordance with its provisions.

The prayer of the petition was that a rule *nisi* be issued, addressed to said Lancaster as judge of the county court of Elmore, commanding him to appear at a fixed date to show cause why a peremptory writ of prohibition should not issue to him, prohibiting him from further proceeding with the trial of the petitioner without a jury in said court, and that upon the final hearing of said

cause, a peremptory writ of prohibition, commanding him to desist from further proceeding in the trial of the petitioner without a jury, be issued.

In answer to the rule *nisi* which was issued upon the filing of the petition, the respondent Lancaster, as judge of the county court, set up that he was acting in the case against the petitioner under the general laws of the State of Alabama regulating the proceedings in the county courts of the several counties, and that the act to regulate the trial of misdemeanors in the county of Elmore, which was approved December 14, 1898, had been repealed by said act of the legislature, approved October 10, 1903, and the respondent moved the court to dismiss the petition and to quash the rule *nisi*.

Upon the submission of the cause, the judge granted the relief prayed for in the petition and ordered that a peremptory writ of prohibition be issued to said Lancaster as judge of the county court of Elmore prohibiting him from proceeding further with the trial of the petitioner without first impannelling a jury therefor, as provided in the act approved December 14, 1898, entitled "an act to regulate the trial of misdemeanors in the county of Elmore." From this judgment the respondent appeals, and assigns the rendition thereof as error.

D. D. ASKEW, for appellant.

FRANK W. LULL, *contra.*

McCLELLAN, C. J.—An act "To regulate the trial of misdemeanors in the county of Elmore" was passed by the General Assembly of 1898-99, and approved on December 14, 1898. This act, of course, did not create the Elmore county court: That court already existed, and if it had not the title of the enactment, which we have copied, was not expressive of any purpose to create such a court. There is no provision in the act, moreover, looking to the creation of the Elmore county court. Its provisions are to give the already existing county court of Elmore concurrent jurisdiction with the circuit court of

all misdemeanors, whether prosecuted by indictment, or by complaint or information, and this whether the indictment is returned by a grand jury of the circuit court or of the county court, for the empannelling of grand and petit juries in the county court, and, of course, for jury trials in that court, for appeals from that court to the Supreme Court, and for other matters of detail necessary to carry into effect the expressed purpose of the State.

The legislature of 1903 passed an act, which was approved on October 10, 1903, to repeal the statute we have been considering. The title of this repealing act is: "To repeal an act entitled an act to regulate the trial of misdemeanors in the county of Elmore, approved December 14, 1898." This repealing act was, of course, a local act. It falls within the requirements of section 106 of the present constitution as to notice of the intention to apply for its passage. That section is as follows: "No special, private or local law shall be passed on any subject not enumerated in section 104 of this constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published, without cost to the State, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the legislature, and said proof spread upon the journal. The courts shall pronounce void every special, private or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section." It seems an effort was made to comply with this constitutional provision, or, at least, a notice, or copy of a notice, with proof of its publication, is spread on the journal of the house of representatives as and for the notice of an intention to apply for the passage of this bill. It is as follows:

"Eclectic, Ala., Jan. 7th, 1903. As required by the constitution of Alabama relative to local legislation, the people of Elmore county will hereby take notice that representative Swindall will introduce a bill in the legislature for the repeal of the act creating the Elmore county court." From what has been said it is plain that this notice does not "state the substance of the proposed law;" the substance of the bill which was passed as the constitution requires that it should. Instead it gives notice of an intention to apply for the passage of a bill of a radically different nature from that of the bill which was passed. The act was, therefore, not "passed in accordance with provisions of this section of the constitution," and the circuit court did not err in declaring it void.

Affirmed.